IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORION IP, LLC; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:04-CV-297 LD |
| STAPLES, INC.; PEP BOYS – MANNY, | § | |
| MOE & JACK, INC.; FUJI PHOTO FILM, | § | |
| USA, INC.; HITACHI AMERICA, LTD.; | § | |
| HOME DEPOT USA, INC.; HARLEY- | § | |
| DAVIDSON, INC.; TOYOTA MOTOR | § | JURY DEMANDED |
| SALES, USA, INC.; and ALFORD | § | |
| BUICK PONTIAC GMC, INC. d/b/a | § | |
| ALFORD TOYOTA; | § | |
| | § | |
| Defendants. | § | |
| | § | |

**Defendants' Motion To Compel Answers
to Interrogatory Nos. 6 and 7**

Pursuant to Fed. R. Civ. P. 37(a), Defendants collectively move the Court to compel Plaintiff to answer Interrogatory Nos. 6 and 7. Four months have passed since these interrogatories were served, and Plaintiff has not provided a complete answer despite numerous informal requests. These interrogatories go to the heart of this case because they seek Plaintiff's contentions about the validity of the asserted patents.

**I.      Background**

**A.      Interrogatory Nos. 6 and 7 Request Information Concerning Plaintiff's Patent Validity Contentions**

Plaintiff was served with Interrogatory Nos. 6 and 7 on January 18, 2005. [Tab 1]. They recite:

Interrogatory No. 6:

To the extent Orion contends that the Specified Prior Art Systems do not render the Patents-in-Suit invalid, for each of the Specified Prior Art Systems, describe in detail the bases for Orion's contentions, including without limitation, an identification of the elements in the Asserted Claims of each of the Patents-in-Suit that Orion contends are not disclosed in each Specified Prior Art System and a description of the facts that support Orion's contentions. Your answer should include, without limitation, a chart explaining why each element of each claim is not anticipated or rendered obvious by the Specified Prior Art Systems, including an explanation of why Orion contends it is improper to combine the prior art references for purposes of obviousness.

Interrogatory No. 7:

Separately as to each Specified Prior Art System, describe in detail the circumstances surrounding any efforts made by, or on behalf of, Orion to investigate and/or analyze the Specified Prior Art System, including without limitation, identifying all persons involved in such investigations and/or analyses, the time at which these investigations and/or analyses took place, the location at which these investigations and/or analyses took place, the reasons why Orion decided to initiate these investigations and/or analyses, the results of these investigations and/or analyses, and the actions Orion took as a result of these investigations and/or analyses.

[Tab 1, page 9]. "Specified Prior Art Systems" was defined as follows:

The phrase "Specified Prior Art Systems" is used herein to refer to the following systems: Triad Electronic Catalog Systems, including, but not limited to, the Triad LaserCat Electronic Catalog System; U.S. Patent No. 5,053,956; the manual entitled *Read Me First*, Cass Parts Guide, CWC, Inc., 1988; Bell & Howell IDB2000 System; ICAS Laser Disk Electronic Catalog System; the Hollander Computer Systems, Inc. User Reference Manual, May 15, 1989; and any prior art that will be included in Defendants' Preliminary Invalidity Contentions.

[Tab 1, page 6].

### B. Plaintiff Refuses To Answer Interrogatory Nos. 6 and 7

On February 17, 2005, Plaintiff served interrogatory objections and answers. [Tab 2].

Plaintiff objected to Interrogatory No. 6 and did not provide an answer:

Orion IP, LLC objects to this Interrogatory on the ground that it is overbroad and unduly burdensome. Orion IP, LLC further objects to this Interrogatory on the ground that it is premature under P.R. 2-5. Orion IP, LLC further objects to this interrogatory on the ground that its multiple, unrelated subparts cause Defendants'

-2-

total number of interrogatories to exceed the limit set by the Court. Orion IP, LLC further objects to this interrogatory on the ground that it is Defendants' burden to plead and prove invalidity by clear and convincing evidence, including establishing a motivation to combine references.

[Tab 2, page 12]. Plaintiff provided a similar response to Interrogatory No. 7:

Orion IP, LLC objects to this Interrogatory on the ground that it is overly broad and unduly burdensome. Orion IP, LLC further objects to this Interrogatory on the ground that it is premature under P.R. 2-5. Orion IP, LLC further objects to this interrogatory on the ground that its multiple, unrelated subparts cause Defendants' total number of interrogatories to exceed the limit set by the Court. Orion IP, LLC further objects to this interrogatory on the ground that it seeks attorney-client privileged information and communications and material protected by attorney work product privilege.

[Tab 2, page 13].

### C. Plaintiff Repeatedly Delays Answering Interrogatory Nos. 6 and 7

On February 24, 2005, Defendants asked Plaintiff to answer Interrogatory Nos. 6 and 7 and explained why Defendants' objections were improper. [Tab 3, pages 2-3]. During a meet-and-confer telephone conference on March 7, 2005, Plaintiff agreed to supplement its answers, as outlined in follow-up letters exchanged on March 8, 2005. [Tabs 4 and 5]. Defendants' follow-up letter noted Plaintiff's agreement to supplement Interrogatory Nos. 6 and 7 "as to each of the systems charted in the Defendants' Invalidity Contentions" by March 28, 2005 (two weeks after Preliminary Invalidity Contentions were due). [Tab 4, page 2]. Plaintiff's letter confirmed the agreement to supplement answers. [Tab 5, page 3]. On March 14, 2005, Defendants served their Preliminary Invalidity Contentions, which identified 46 Specified Prior Art Systems and detailed how those systems invalidate the asserted patents. Despite Plaintiff's agreement, the agreed-upon date passed without any interrogatory supplementation.

On April 6, 2005, the Parties participated in another telephone conference about various discovery issues, and Plaintiff indicated that it would speak to the person handling supplemental

-3-

25533182.1

responses. [Tab 6, page 1]. On April 14, 2005, Defendants requested supplementation no later than April 20, 2005, in view of upcoming deadlines (*e.g.*, Preliminary Claim Constructions that were due April 21, 2005). [Tab 6, page 1]. April 20th passed with no supplementation.

On April 21, 2005, Defendants noted the prejudice flowing from Plaintiff's continuing delay, requested supplementation by April 27, 2005, and indicated that Court intervention could be sought. [Tab 7].

### D. Plaintiff Provides Incomplete Responses to Interrogatory Nos. 6 and 7

On April 25, 2005—more than three months after service of Interrogatory Nos. 6 and 7, six weeks after service of Preliminary Invalidity Contentions, and four days after service of Preliminary Claim Constructions—Plaintiff incompletely responded to Interrogatory No. 6 by repeating its original objections and providing validity contentions for only 7 of the 46 Specified Prior Art Systems. [Tab 8, pages 10-14]. Plaintiff incompletely responded to Interrogatory No. 7 by repeating its original objections and listing BATES ranges for non-responsive patent histories and prior art articles. [Tab 8, pages 14-15]. Plaintiff did not address investigation or analysis of the 46 Specified Prior Art Systems.

### E. Defendants Provide Plaintiff with a Final Chance for Supplementation Short of Court Intervention

On May 4, 2005, Defendants engaged in a final attempt to obtain answers to Interrogatory Nos. 6 and 7 without Court intervention. [Tab 9]. Defendants explained why Plaintiff's supplemental responses of April 25th were deficient and set a final deadline of May 16, 2005 to provide true supplementation. That deadline has passed, and Defendants now ask the Court to intervene. As outlined above, the parties have first conferred in a good faith attempt to resolve this matter.

-5-

II.     Argument

    A.     **Plaintiff's Objections Are Not Proper**

Interrogatory Nos. 6 and 7 request validity information concerning all "Specified Prior Art Systems," which are defined as including "any prior art that will be included in Defendants' Preliminary Invalidity Contentions." [Tab 1, pages 6 and 9]. Defendants' Preliminary Invalidity Contentions identify 46 such systems. Plaintiff agreed to answer Interrogatory Nos. 6 and 7 with respect to all 46 systems, effectively waiving any objection that would justify Plaintiff's current, partial answer addressing only 7 systems. [Tab 4, page 2; Tab 5, page 3].

Even had Plaintiff not agreed to answer Interrogatory Nos. 6 and 7, Plaintiff's objections could not stand. Plaintiff carries the burden to justify its objections and its failure to provide complete answers. *See* Fed. R. Civ. P. 33(a) advisory committee's note (1970). Plaintiff cannot reasonably declare that these interrogatories are overbroad and unduly burdensome, where, as here, Defendants have explicitly identified 46 Specified Prior Art Systems, charted how those systems invalidate the asserted patents, and provided documents pertaining to those systems so that Plaintiff can respond. Additionally, Plaintiff's ability to respond to Interrogatory No. 6 with respect to 7 of the 46 Specified Prior Art Systems cuts against any argument that the request itself is overbroad or unduly burdensome; rather, it suggests that Plaintiff chose to ignore 39 systems. Moreover, Plaintiff has not stated its "overbroad and unduly burdensome" objection with the requisite specificity to carry its burden. *See*, *e.g.*, *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (overruling a "burdensome" objection because objecting party failed to particularize basis for objection).

Plaintiff's objection that the interrogatories are premature under Patent Rule 2-5 is without merit. Patent Rule 2-5 lists only four categories of requests that may be objected-to as

being "premature," and Interrogatory Nos. 6 and 7 do not fall into any of those categories. The interrogatories do not request (a) claim construction positions, (b) Plaintiff's infringement contentions, (c) Defendants' invalidity contentions, or (d) opinions of counsel. *See* Patent Rule 2-5. Rather, Interrogatory Nos. 6 and 7 simply ask Plaintiff, in general, to detail why it believes its patents are valid in the face of evidence such as Defendants' Preliminary Invalidity Contentions and to detail any investigation/analysis of Specified Prior Art Systems. [Tab 1, pages 6 and 9].

Plaintiff's objection that the interrogatories have multiple, unrelated subparts is incorrect. An inspection of Interrogatory Nos. 6 and 7 reveals that each asks for information necessarily relating to the same topic, which means that each interrogatory is properly counted as a single request. *See*, *e.g.*, *Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Plaintiff's objection to Interrogatory No. 6, stating that it is Defendants' burden to prove invalidity is irrelevant and without legal support. Defendants are aware of no rule or case suggesting that a Plaintiff can avoid answering requests about patent validity by hiding behind burdens of proof.

Finally, Plaintiff's objection to Interrogatory No. 7 as calling for privileged material cannot excuse its current answer. Plaintiff must answer Interrogatory No. 7 to the extent that privileged material is not implicated, and Plaintiff must describe the nature of any documents, communications, or things not disclosed so that Defendants may assess the applicability of the privilege or protection. *See* Fed. R. Civ. P. 26(b)(5); 33(b)(1).

### B. Plaintiff's Continuing Delay Is Prejudicial

Plaintiff's failure to provide basic information about Defendants' invalidity contentions is prejudicial to Defendants. This case is set for trial on April 10, 2006, claim construction

discovery cut-off is July 8, 2005, claim construction briefing begins July 20, 2005, and the *Markman* hearing is set for August 24, 2005. Not knowing Plaintiff's validity contentions has irreparably harmed Defendants ability to prepare for such deadlines. For example, Defendants have had to present their claim construction position without knowing what issues, if any, are raised by Plaintiff's stance on patent validity.

### III. Conclusion and Relief Requested

Defendants respectfully request that the Court compel Plaintiff to answer Interrogatory Nos. 6 and 7. Defendants request that Plaintiff be required to answer these interrogatories with respect to all 46 Specified Prior Art Systems. Defendants request that answers be provided as soon as is reasonably practicably, but in no event later than two weeks after resolution of this motion, or at a time determined by the Court so as not to jeopardize Defendants' ability to analyze Plaintiff's positions, conduct related and follow-up discovery, and proceed with this case in a timely manner. Defendants request that the Court grant any additional relief that it believes is warranted under Fed. R. Civ. P. 37. A proposed Order is attached.

May 17, 2005

Respectfully submitted,

By: */s/ David D. Bahler*
David D. Bahler
FULBRIGHT & JAWORSKI
2400 One American Center
Austin, Texas 78701
Telephone: (512) 536-3005
Fax: (512) 536-4598
E-mail: dbahler@fulbright.com
ATTORNEYS FOR DEFENDANT
HOME DEPOT USA, INC.

-8-

May 17, 2005

By: */s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
HEARTFIELD & MCGINNIS, L.L.P.
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@heartfieldmcginnis.com
         AND
Mark P. Wine
Jennifer L. Yokoyama
MCDERMOTT, WILL & EMERY, LLP
2049 Century Park East, 34th Floor
Los Angeles, California 90067-3208
Telephone: (310) 277-4110
Fax: (310) 277-4730
E-mail: mwine@mwe.com
E.-mail: jyokoyama@mwe.com
ATTORNEYS FOR DEFENDANT
TOYOTA MOTOR SALES, USA, INC.

May 17, 2005

By: */s/ William L. LaFuze*
William L. LaFuze
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77702-6760
Telephone: (713) 758-4812
Fax: (713) 615-5319
E-mail: blafuze@velaw.com
ATTORNEYS FOR DEFENDANT
HARLEY-DAVIDSON, INC.

May 17, 2005

By: */s/ Erik Videlock*
Erik Videlock
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
Telephone: (215) 981-4027
Fax: (215) 981-4750
E-mail: videloce@pepperlaw.com
ATTORNEYS FOR DEFENDANT
PEP BOYS – MANNY, MOE & JACK, INC.

25533182.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ORION IP, LLC; § § Plaintiff, § § v. § § STAPLES, INC.; PEP BOYS – MANNY, § MOE & JACK, INC.; FUJI PHOTO FILM, § USA, INC.; HITACHI AMERICA, LTD.; § HOME DEPOT USA, INC.; HARLEY- § DAVIDSON, INC.; TOYOTA MOTOR § SALES, USA, INC.; and ALFORD § BUICK PONTIAC GMC, INC. d/b/a § ALFORD TOYOTA; § § Defendants. § § | Civil Action No. 2:04-CV-297 LD  JURY DEMANDED |

## ORDER

The Court has considered the Parties' briefs and arguments concerning Defendants' Motion To Compel Answers to Interrogatory Nos. 6 and 7.  Defendants' Motion is GRANTED. Plaintiff is ORDERED to answer Interrogatory Nos. 6 and 7, addressing all 46 prior art systems currently identified by Defendants, no later than two weeks after entry of this Order.

SIGNED AND ENTERED this _____ day of _____, 2005.

_____
THE HONORABLE LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class Mail, Postage Prepaid, on this the 17th day of May 2005.

/s/ Michael Barrett_____
Michael Barrett

## Certificate of Conference

Defendants' counsel has conferred with Plaintiff's counsel in a good faith attempt to resolve this matter without Court intervention.  This motion is opposed.