# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ORION IP, LLC,<br>   a Delaware Limited Liability Corporation<br>             Plaintiff,<br><br>v.<br><br>1. PEP BOYS – MANNY, MOE &<br>   JACK, INC., a Pennsylvania corporation,<br><br>2. HOME DEPOT USA, INC.<br>   a Delaware corporation,<br><br>3. HARLEY-DAVIDSON, INC.<br>   a Wisconsin corporation,<br><br>4. TOYOTA MOTOR SALES, USA, INC.,<br>   a California corporation,<br><br>             Defendants. | Civil Action No. 2:04-CV-297 LED<br><br>(DAVIS)<br><br>JURY |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORY NOS. 6 AND 7

On May 17, 2005, Defendants filed with the Court a Motion to Compel Answers to Interrogatory Nos. 6 and 7. Plaintiff properly objected to these interrogatories. Plaintiff then supplemented its answers to these interrogatories to provide Defendants with more information than was contemplated by the Court's Discovery Control Order in this case. However, since Defendants have determined that nothing short of expanding the Court's Discovery Control Order by literally hundreds of interrogatories is acceptable, Defendants' Motion to Compel must be decided by the Court.

# I. BACKGROUND

A. **The Procedural History Related to the Discovery at Issue Demonstrates Defendants' Interrogatories are improper.**

By the Court's Discovery Order of January 14, 2005, Defendants were limited to serve as a group up to 30 interrogatories, with each Defendant also being allowed to serve up to an additional 10 interrogatories. Four days later, on January 18, 2005, Defendants served 21 interrogatories on Plaintiff. Exhibit 1 to Defendants' Motion to Compel. However, those interrogatories included subparts that were not separately counted. While the Defendants provided the Court with some of the interrogatories served upon Plaintiff, Defendants did not include a complete copy of Defendants' First Set of Interrogatories directed to Orion IP, L.L.C. Attached as <u>Exhibit 1</u> to this Response is a complete copy of Defendants' First Set of Interrogatories directed to Orion IP, L.L.C.

The present motion requests an order compelling Orion to answer Interrogatory Numbers 6 and 7, which read as follows:

INTERROGATORY NUMBER 6:

> To the extent Orion contends that the Specified Prior Art Systems do not render the Patents-in-Suit invalid, for each of the Specified Prior Art Systems, describe in detail the basis for Orion's contentions, including without limitation, an identification of the elements in the Asserted Claims of each of the Patents-in-Suit that Orion contends are not disclosed in each Specified Prior Art System and a description of the facts that support Orion's contentions. Your answer should include, without limitation, a chart explaining why each claim is not anticipated or rendered obvious by the Specified Prior Art Systems, including an explanation of why Orion contends it is improper to combine the prior art references for purposes of obviousness.

INTERROGATORY NUMBER 7:

> Separately as to each Specified Prior Art System, describe in detail the circumstances surround any efforts made by, or on behalf of, Orion to investigate and/or analyze the Specified Prior Art System, including without limitation, identifying all persons involved in such investigations and/or analyses, the time at

which these investigations and/or analyses took place, the location at which these investigations and/or analyses took place, the reasons why Orion decided to initiate these investigations and/or analyses, the results of these investigations and/or analyses, and the actions Orion took as a result of these investigations and/or analyses.

"Specified Prior Art Systems" was defined in Defendants' First Set of Interrogatories:

The phrase "Specified Prior Art Systems" is used herein to refer to the following systems: Triad Electronic Catalog Systems, including, but not limited to, the Triad LaserCat Electronic Catalog System, U.S. Patent No. 5,053,956; the manual entitled *Read Me First*, Cass Parts Guide, CWC, Inc., 1988; Bell & Howell IDB2000 System, ICAS Laser Disk Electronic Catalog System; the Hollander Computer Systems, Inc. User Reference Manual, May 15, 1989; and any prior art that will be included in Defendants' Preliminary Invalidity Contentions.

Defendants' First Set of Interrogatories at 6.

On February 17, 2005, Plaintiff timely served its objections and answers to these interrogatories and served its Supplemental Objections and Answers on April 25, 2005. Plaintiff's response to Interrogatory No. 6 contained four objections. First, the interrogatory is overbroad and unduly burdensome. Second, the interrogatory was premature under P.R. 2-5. Third, the interrogatory contained multiple, unrelated subparts whereby Defendants were attempting to greatly exceed the interrogatory limit set by the Court. Finally, the interrogatory was vague and ambiguous in that it is Defendants' burden to plead and prove invalidity by clear and convincing evidence including establishing any motivation to combine references. Plaintiff further advised the Defendants in its answer that Plaintiff's position with respect to invalidity contentions of the Defendants will be the subject of expert testimony and reports, and Plaintiff explicitly reserved the right to supplement its answer.

Similarly, with regard to Interrogatory No. 7, Plaintiff objected based on four reasons. Again, the interrogatory was overbroad and unduly burdensome, was similarly premature under P.R. 2-5, and contained multiple, unrelated subparts whereby Defendants attempted to greatly

exceed the interrogatory limit set by the Court. Additionally, with regard to Interrogatory No. 7, Plaintiff objected on the grounds that it sought information protected by the attorney-client privilege and the attorney-work product privilege.

B.   **No Agreement to Answer as to 46 Prior Art Systems[1]**

Defendants imply that Plaintiff was aware of Defendants' intended scope of Interrogatory Nos. 6 and 7 from the time those interrogatories were served on January 18, 2005. That simply is not the case. As previously stated, Plaintiff initially objected to these interrogatories as premature. In fact, when Plaintiff originally served its objections and answers to the interrogatories on February 17, 2005, Defendants had alleged seven Specified Prior Art Systems. On March 14, 2005, almost two months after Defendants served these Interrogatories, Defendants served their Preliminary Invalidity Contentions, for the first time disclosing that Defendants were alleging that there are 46 Specified Prior Art Systems that each required separate responses under Interrogatory Nos. 6 and 7.

Second, Defendants imply that Plaintiffs have agreed to respond to Interrogatory Nos. 6 and 7 as to the 46 Specified Prior Art Systems alleged by Defendants. While Plaintiff agreed to supplement its answers in an attempt to avoid wasting the judicial resources necessary to resolve this dispute, Plaintiff never agreed to provide Defendants with the information requested in Interrogatory Nos. 6 and 7 as to each alleged 46 Specified Prior Art Systems.

Third, even though doing so clearly provided Defendants with more than the 30 interrogatories set by the Court, Plaintiff, again in an attempt to resolve this issue without Court

---

[1] At the time the Motion to Compel was filed, the Defendants had identified 46 Prior Art Systems. Defendants have since filed a Motion to Supplement their Invalidity Contentions, identifying one additional item of alleged prior art. Plaintiff did not oppose the motion. Subsequent to their Motion to Supplement, Defendants have contacted Plaintiff to determine whether Plaintiff would object to a Second Motion to Supplement Invalidity Contentions, identifying three additional items of alleged prior art. If the court grants these motions, the number of Specified Prior Art Systems will have grown to 50.

4

intervention, supplemented its answers as to Interrogatory Nos. 6 and 7 on April 25, 2005. In those supplemental answers, Plaintiff provided its contentions as to the original seven of Defendants' alleged Specified Prior Art Systems.

Fourth, Defendants overstate their efforts to resolve this issue without Court intervention. Defendants' attempt at working toward a resolution without Court intervention consisted solely of repeated requests for Plaintiff to respond to these clearly burdensome interrogatories as to all of Defendants' alleged 46 Specified Prior Art Systems, even though to do so would greatly exceed the Court's discovery limitations in this case.

Finally, Plaintiff more than fairly responded to Defendants' interrogatories. The only discovery abuse that has occurred with regard to Defendants' Interrogatories 6 and 7, is the Defendants' attempt to unduly burden Plaintiff with interrogatories far in excess of the Court's discovery limits. As such, Defendants' Motion to Compel should be denied.

## II. ARGUMENTS AND AUTHORITIES

Under Federal Rule Civil Procedure 33, any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete sub-parts. Fed. R. Civ. P. 33(a). Here, the Court has allowed the Defendants additional interrogatories; specifically, Defendants may serve on Plaintiff a set of 30 common interrogatories, with each Defendant allowed an additional 10 interrogatories. The comment to the rule revision in 1993 recognizes that interrogatories can be "costly and may be used as a means of harassment. . . ."

The Federal Rule of Civil Procedure 33 "does not sanction oppression by interrogatories." Wright & Miller § 2174 citing *Zenith Radio Corp. v. Radio Corp. of America*, 106 F.Supp. 561, 565 n. 6 (Del. 1952). When interrogatories become too burdensome, those interrogatories are improper, and the Court can determine that no response is necessary. *See,*

*e.g., Deering Milliken Research Corp. v. Texfi Industries, Inc.*, 320 F. Supp. 806, 810-811 (D.S.C. 1970). An interrogatory can be deemed too burdensome based on it being too broad or too inclusive. *Id.* In deciding whether an interrogatory is too burdensome, the Court weighs the burden to the responding party against the potential benefit for the requesting party. *Id.*

Not only can an individual interrogatory be too burdensome to require a response, but a set of interrogatories likewise can be burdensome and oppressive. For that reason, the federal rules, and the Court in this case, set limits on the number of interrogatories each party may propound:

> The commentary states:
>
>> "Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation by the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."

Fed. R. Civ. P. 33, Comment 1993.

While federal Courts have differed somewhat concerning what constitutes a discrete subpart, Interrogatories Number 6 and 7 clearly consist of multiple subparts under any reading of Rule 33.

One line of cases holds that interrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question. C*ramer v. Fedco Automotive Components Co.*, 2004 U.S. Dist. LEXIS 13817, slip op. at 13 (W.D. N.Y. May 26, 2004), citing *Krawczyk v. City of Dallas*, 2004 WL 614842, slip op. at 2 (N.D. Tex. 2004). Under this test, if the first question can be answered fully and completely

without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question. *Cramer*, slip op. at 13. On the other hand, multiple inter-related questions may constitute a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately. *Id.,* citing *Yeager v. Corinthian Colls., Inc.*, 2002 WL 1976773, slip op. at 3 (E.D. La., 2002).

Other Courts have developed formulations that count all subparts as discrete interrogatories. In *Collaboration Properties, Inc. v. Polcom, Inc.,*, 224 F.R.D. 473 (N.D. Cal. 2004), the Court held that where an interrogatory asks for information about all of the accused Polcom products (totaling 26 different products), each interrogatory had 26 discrete subparts. *Id.* at 475. The Court cited to Moore's Federal Practice treatise for the proposition that a party cannot avoid the numerical limits by asking questions about distinct subjects, but numbering the questions as subparts. *Id.*

In *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997), the Court noted that the more difficult question is determining whether the subparts are logically or factually subsumed within and necessarily related to the primary question. *Id.* at 685. The Court found that the best test of whether subsequent questions within a single interrogatory are subsumed and related is to examine whether the first question is primary and the subsequent questions are secondary to the primary question. *Id*.

In *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246 (D.C. Virgin Island, May 10, 2001), the Court applied the *Kendall* rule and stated that it would use "rules of reasonability and fairness in compressing subparts to count against the limits." *Id*. at 247. Using the so called *Kendall* test set out above, the Court examined whether the first question was primary and

7

LON:148841.1
51245.1

without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question. *Cramer*, slip op. at 13. On the other hand, multiple inter-related questions may constitute a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately. *Id.,* citing *Yeager v. Corinthian Colls., Inc.*, 2002 WL 1976773, slip op. at 3 (E.D. La., 2002).

Other Courts have developed formulations that count all subparts as discrete interrogatories. In *Collaboration Properties, Inc. v. Polcom, Inc.,*, 224 F.R.D. 473 (N.D. Cal. 2004), the Court held that where an interrogatory asks for information about all of the accused Polcom products (totaling 26 different products), each interrogatory had 26 discrete subparts. *Id.* at 475. The Court cited to Moore's Federal Practice treatise for the proposition that a party cannot avoid the numerical limits by asking questions about distinct subjects, but numbering the questions as subparts. *Id.*

In *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997), the Court noted that the more difficult question is determining whether the subparts are logically or factually subsumed within and necessarily related to the primary question. *Id.* at 685. The Court found that the best test of whether subsequent questions within a single interrogatory are subsumed and related is to examine whether the first question is primary and the subsequent questions are secondary to the primary question. *Id*.

In *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246 (D.C. Virgin Island, May 10, 2001), the Court applied the *Kendall* rule and stated that it would use "rules of reasonability and fairness in compressing subparts to count against the limits." *Id*. at 247. Using the so called *Kendall* test set out above, the Court examined whether the first question was primary and

7

LON:148841.1
51245.1

whether subsequent questions were secondary to the primary question and found that many of the subparts should be counted. *Id*. at 248. The Court found where a single interrogatory inquired concerning the reason for the elimination of the plaintiff's position, and the persons involved in the decision making process, the Court found that constituted two interrogatories. *Id*.

Additionally, interrogatories cannot require the disclosure of privileged information. The attorney-client communication privilege protects from discovery communications between an entity and its attorney, while the attorney-work product privilege protects from discovery the work product of any attorney. *See Collaboration Properties, Inc. v. Polycom, Inc*., 224 F.R.D. 472, 475 (N.D. Cal. 2004). Defendants have not asserted any basis for waiver of these privileges.

### III. FACTUAL APPLICATION

**A.     Defendants' Interrogatory Nos. 6 and 7 are Overly Broad and Unduly Burdensome**

Interrogatory No. 6 asks Orion to

1) describe in detail the basis for Orion's contention that Specified Prior Art System #1 does not invalidate the '342 patent, including an identification of the asserted claims of the '342 patent that Orion contends are not disclosed in Specified Prior Art System #1 and a description of the facts that support Orion's contentions, as well as a chart explaining why each element of each claim is not anticipated or rendered obvious by the specified prior art system.

2) An explanation of why Orion contends it is improper to combine the prior art reference for purposes of obviousness regarding the '342 patent.

3) Describe (as detailed above) the basis for Orion's Contention that Specified Prior Art System #1 does not invalidate the '627 patent, including the same four subparts.

8

4) An explanation of why Orion contends it is improper to combine the prior art reference for purposes of obviousness regarding the '627 patent.

The Defendants contend that they are entitled to ask each of these questions as to all 46 Specified Prior Art References -- amounting to 184 separate interrogatories.

Further, Defendants have not identified, in the Interrogatories or otherwise, any combinations of the 46 Specified Prior Art Systems for purposes of an obviousness analysis. It is well-established that before a patent can be invalidated for obviousness based on a combination of references, there must have been a reason, suggestion, or motivation to lead an inventor to combine those reference. *Pro-Mold and Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 72 F.3d 1568, 1573 (Fed. Cir. 1996). Defendants request that this Court compel Orion to respond to this contention interrogatory regarding all possible combinations of 46 alleged pieces of prior art without proposing combinations and without assertions concerning the reasons, suggestions or motivations that underlie the proposed combinations. Even limiting this request to the simplest combinations of one element from each of two alleged pieces of prior art requires answers to over a thousand separate questions regarding combinations. In order to be entitled to any relief from this Court on the issue of combining prior art references, Defendants must, at a minimum, ask a question to which it is possible to formulate a meaningful answer.

Interrogatory No. 7 asks Orion to

1) Describe in detail the circumstances surrounding any efforts made by or on behalf of Orion to investigate and/or analyze Specified Prior Art System No. 1.

2) Identify all persons involved in such investigations and/or analysis.

3)The time at which these investigations and/or analyses took place.

9

4) The reasons why Orion decided to initiate these investigations and /or analyses.

5) The actions Orion took as a result of these investigations and/or analysis.

Again, even assuming that the Defendants could request these five categories of information in a single Interrogatory, the question demands the same set of information as to each of 46 Specified Prior Art Systems.

The time and expense required for Orion to respond to the Interrogatories as propounded is oppressive and provides little, if any, benefit to Defendants. Answering detailed, multi-part contention interrogatories about Defendants' Specified Prior Art System production, while cripplingly expensive for Orion, gains the Defendants negligible information that is useful for the trial or evaluation of this litigation. It appears that the Defendants, all large companies, propounded Interrogatories based on 46 Specified Prior Art Systems and produced supporting evidence, some of which is not remotely relevant to anything in this litigation, in an effort to needlessly multiply the expense required of this small Plaintiff to enforce its rights under its patents.

**B.     Defendants' Interrogatory Nos. 6 and 7 Exceed the Court's Discovery Limits**

This Court gave Defendants a combined 30 interrogatories to propound to Plaintiff. In these two interrogatories alone, even if the nonsensical query about combinations is not considered, Defendants more than tripled their allotted interrogatories.

The law is clear. Subparts cannot be used to expand the Court's discovery limits. The facts are equally clear. That is exactly what Defendants sought to do in this case.

Defendants have served interrogatories which, through a combination of definitions and multiple sub-parts, vastly exceed the numbers of interrogatories deemed permitted by the Court.

### C. Plaintiff Answered Interrogatories Nos. 6 and 7

In response to Interrogatory No. 6, Plaintiff provided Defendants an explanation of its contentions regarding why the six Specified Prior Art Systems originally identified do not invalidate the Patents-in-Suit. Plaintiff did not try to answer for "any prior art that will be included in Defendants' Preliminary Invalidity Contentions".

In response to Interrogatory No. 7 and pursuant to Federal Rule of Civil Procedure No. 33(d), Plaintiff directed Defendants' attention to the Bates ranges of materials it had previously produced in compliance with this Court's rules and from which the answer to this Interrogatory may be derived or ascertained. Investigation and analysis of prior art undertaken by the Patentee is documented in the Bates ranges identified. Defendants summarily assert in their motion that the patent histories and prior art articles identified by Orion are "non-responsive" to Interrogatory No. 7 about the investigation or analysis of the 46 Specified Prior Art Systems. In fact, the Bates ranges identified by Orion reference various Specified Prior Arts Systems by name. Further, the broader context of those investigations, including the persons involved in, reasons for, and results of the investigations are all ascertainable from the documents identified in Plaintiff's response.

With respect to the remainder of the alleged Specified Prior Art Systems, the vast majority of those systems were identified by Defendants in connection with this or other litigation and any investigation or analysis of that is clearly privileged, work product, and/or the subject of expert reports not yet due under P.R. 2-5 and the Court's Scheduling Order. Defendants seek attorney-client privileged information and communication and material protected by attorney work product privilege. Plaintiff objected to the Interrogatories and did not answer or produce such items or information. Assertions of privilege have been entered in

11

Orion's privilege log and that log has been produced in accordance with this Court's order. Neither Orion nor the Defendants have logged communications with its attorneys after suit was filed, and Orion understands that such is not necessary.

Orion has answered and supplemented its answers to Defendants interrogatories, subject to its valid objections, in an effort to comply with the rules governing discovery and to reasonably resolve this dispute with an eye to getting this case ready for trial.

## IV. CONCLUSION

Because Interrogatories Number 6 and 7 are improper and objectionable based on being unduly burdensome, exceeding the limit of interrogatories imposed by the Court, and infringing upon the attorney-client communication privilege and the attorney-work product privilege, and because Orion provided extensive and responsive answers to the those Interrogatories over a month ago, Defendants' Motion to Compel should be denied. This Court's limit on Interrogatories is reasonable and should be enforced.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court deny Defendants' Motion to Compel, and for such other and further relief to which Plaintiff is justly entitled.

Dated: June 1, 2005                          Respectfully submitted,

                                             ORION IP, LLC


                                             By: /s/ S. Calvin Capshaw
                                                 S. Calvin Capshaw, Attorney-in-Charge
                                                 State Bar No. 0378390
                                                 Elizabeth L. DeRieux
                                                 State Bar No. 05770585
                                                 Brown McCarroll LLP
                                                 1127 Judson Road, Suite 220
                                                 P.O. Box 3999 (75606-3999)
                                                 Longview, TX 75601-5157
                                                 Telephone: (903) 236-9800
                                                 Facsimile: (903) 236-8787
                                                 E-mail: ccapshaw@mailbmc.com
                                                 E-mail: ederieux@mailbmc.com

                                                 Otis W. Carroll
                                                 State Bar No. 03895700
                                                 Ireland Carroll & Kelley, P.C.
                                                 6101 South Broadway, Suite 500
                                                 P.O. Box 7879
                                                 Tyler, Texas 75711
                                                 Telephone: (903) 561-1600
                                                 Facsimile: (903) 581-1071
                                                 E-mail: fedserv@icklaw.com

                                                 Franklin Jones Jr.
                                                 State Bar No. 00000055
                                                 Jones and Jones, Inc., P.C.
                                                 201 West Houston Street
                                                 P.O. Drawer 1249
                                                 Marshall, TX 65671-1249
                                                 Telephone: (903) 938-4395
                                                 Facsimile: (903) 938-3360
                                                 E-mail: maizieh@millerfirm.com

                                                 Attorneys for plaintiff
                                                 ORION IP, LLC

Of Counsel:

David Pridham
R.I. State Bar No. 6625
Orion IP, LLC
74785 Highway 111, Suite 103
Indian Wells, CA 92210
Telephone: (760) 674-1066
Facsimile: (760) 674-9797
E-mail: david@ipnav.com

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 1st day of June, 2005, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

Jennifer Yokoyama
McDermott Will & Emery
18191 Von Karman Ave., Suite 500
Irvine, CA 92612

Marc E. Brown
McDermott Will & Emery
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

J. Thad Heartfield, Jr.
Heartfield & McGinnis
2195 Dowlen Rd.
Beaumont, TX 77706

William Leighton LaFuze
John Joseph Edmonds
Vinson & Elkins
1001 Fannin St., Suite 2300
Houston, TX 77002

Guy N. Harrison
Attorney at Law
P.O. Box 2845
Longview, TX 75606

Dan Duncan Davison
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Cara M. Kearney
Erik N. Videlock
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Joseph Melnik
Pepper Hamilton LLP
500 Grant Street, 50th Floor
Pittsburgh, PA 15219

Daniel Francisco Perez
Mark A. Calhoun
Winstead Schrest & Minick
1201 Elm St.
5400 Renaissance Tower
Dallas, TX 75270

David Dean Bahler
Fulbright & Jaworski
600 Congress, Suite 2400
Austin, TX 78701

/s/ S. Calvin Capshaw
S. Calvin Capshaw

LON:148841.1
51245.1