IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORION IP, LLC; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:04-CV-297 LD |
| STAPLES, INC.; PEP BOYS – MANNY, | § | |
| MOE & JACK, INC.; FUJI PHOTO FILM, | § | |
| USA, INC.; HITACHI AMERICA, LTD.; | § | |
| HOME DEPOT USA, INC.; HARLEY- | § | |
| DAVIDSON, INC.; TOYOTA MOTOR | § | JURY DEMANDED |
| SALES, USA, INC.; and ALFORD | § | |
| BUICK PONTIAC GMC, INC. d/b/a | § | |
| ALFORD TOYOTA; | § | |
| | § | |
| Defendants. | § | |
| | § | |

**Defendants' Reply to Plaintiff's Opposition to Defendants' Motion To Compel Answers to Interrogatory Nos. 6 and 7**

Notwithstanding Plaintiff's Opposition, Interrogatory Nos. 6 and 7 are not overly broad and unduly burdensome nor do they have separate, discrete subparts that would excuse a response. These interrogatories properly seek Plaintiff's contentions about the validity of the asserted patents and must be answered so that Defendants may develop their case.

**I.    Argument**

**A.    Interrogatory Nos. 6 and 7 Are Not Overly Broad and Unduly Burdensome**

Plaintiff's Opposition fails to show how Interrogatory Nos. 6 and 7 are overly broad and unduly burdensome. It is the Plaintiff's burden to justify its objections and its failure to provide complete answers. *See* Fed. R. Civ. P. 33(a) advisory committee's note (1970). To satisfy this burden, Plaintiff must make a specific, detailed showing of how an interrogatory is burdensome

-1-
25542207.1

by submitting affidavits or offering evidence revealing the nature of the burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). Plaintiff's objection is unsupported by an affidavit or specific facts. Rather, Plaintiff merely restates the information requested in the interrogatories, and then concludes that the time and expense required to respond is oppressive. Plaintiff's unsubstantiated allegation that a substantial period of time and expense would be required to respond to the request does not carry its burden. *See id.*

Defendants explicitly identified the Specified Prior Art Systems, charted how these systems invalidate the Asserted Claims, and provided documents pertaining to these systems. All the Plaintiff must do to respond to Interrogatory No. 6 is to detail why it agrees or disagrees with Defendants' invalidity contentions. Likewise, all the Plaintiff must do to respond to Interrogatory No. 7 is to describe the circumstances surrounding any efforts made by, or on behalf of, Plaintiff to investigate or analyze the Specified Prior Art Systems.

Plaintiff's assertion that Defendants request a response for purposes of an obviousness analysis for all possible combinations of the Specified Prior Art Systems is incorrect. Defendant's Preliminary Invalidity Contentions specifically set forth, in chart form, the Specified Prior Art Systems that anticipate or render obvious each of the asserted claims. Where obviousness is shown by a combination of Specified Prior Art Systems, each system in the combination is identified. Furthermore, Plaintiff's objection to Interrogatory No. 6, stating that it is Defendants' burden to prove invalidity is irrelevant and without legal support. Defendants are aware of no rule or case suggesting that a Plaintiff can avoid answering requests about patent validity by hiding behind burdens of proof.

Finally, Plaintiff's objection to Interrogatory No. 7 as calling for privileged material cannot excuse its current answer. Plaintiff must answer Interrogatory No. 7 to the extent that

privileged material is not implicated, and Plaintiff must describe the nature of any documents, communications, or things not disclosed so that Defendants may assess the applicability of the privilege or protection. *See* Fed. R. Civ. P. 26(b)(5); 33(b)(1).

### B. Interrogatory Nos. 6 and 7 Each Count As A Single Interrogatory

Plaintiff's assertion that Interrogatory Nos. 6 and 7 should be counted as hundreds, or even thousands, of interrogatories is incorrect. An interrogatory is properly counted as a single interrogatory if the information requested is logically or factually subsumed within and necessarily related to the primary question. *Krawczyk v. City of Dallas*, 2004 WL 614842, *2 (N.D. Tex. 2004); *Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal 1998). This standard, when applied to the present facts reveals that Interrogatory Nos. 6 and 7 each count as one interrogatory.

Plaintiff's Opposition cites several cases setting forth the same legal standard urged by Defendants. Plaintiff also cites *Collaboration Properties, Inc. v. Polcom, Inc.*, 224 F.R.D. 473 (N.D. Cal. 2004) as establishing a distinct standard for counting interrogatories. *See* Opposition, page 7. However, the *Collaboration Properties* case does not advance Plaintiff's position. *Collaboration Properties* uses the same legal standard urged by Defendants – that an interrogatory is properly counted as a single interrogatory if the information requested is logically or factually subsumed within and necessarily related to the primary question. *Id.* at 475. Further, *Collaboration Properties* does not reproduce the interrogatories that were counted as multiple requests in that case, so there is no way to determine if they have any bearing on the present facts.

Interrogatory No. 6 asks for the Plaintiff's contentions regarding the validity of the Asserted Claims over the Specified Prior Art Systems charted in Defendants' Preliminary

Invalidity Contentions. The request that Plaintiff identify the elements in the Asserted Claims that it contends are not disclosed in each Specified Prior Art System and provide a description of the facts that support this contention are factually subsumed within and necessarily related to the primary question. Interrogatory No. 6, therefore, constitutes a single interrogatory.

Interrogatory No. 7 requests information concerning Plaintiff's efforts to investigate or analyze each of the Specified Prior Art Systems. The request that Plaintiff identify the circumstance surrounding any such investigation or analysis is factually subsumed within and necessarily related to the primary question. Interrogatory No. 7, therefore, constitutes a single interrogatory.

### C. Plaintiff's Position Is Inconsistent with the Policies of the Court's Patent Rules

Patent Rule 3-3 specifically requires defendants to chart, in their Preliminary Invalidity Contentions, each prior art method or apparatus believed to invalidate the patents in suit. If Plaintiff's position is accepted, then patent owners in the Eastern District will effectively be exempted from disclosing their counter basis for patent validity, especially if several prior art systems are charted by defendants. Such a position, if endorsed by the Court, would result in an unfair, one-sided discovery process in which defendants are limited by their invalidity contentions but patent owners are free to engage in trial by ambush by refusing to disclose their counter positions until the time of trial. This would be inconsistent with the policies of the Court's Patent Rules and the Federal Rules of Civil Procure of providing for a fair and efficient trial process by requiring pre-trial disclosure of the parties' positions.

**II.    Conclusion and Relief Requested**

Defendants respectfully request that the Court compel Plaintiff to answer Interrogatory Nos. 6 and 7.  A proposed Order is included in Defendants' opening Motion.

June 8, 2005                                                                              Respectfully submitted,

By: */s/ David D. Bahler*
David D. Bahler
FULBRIGHT & JAWORSKI
2400 One American Center
Austin, Texas 78701
Telephone: (512) 536-3005
Fax: (512) 536-4598
E-mail: dbahler@fulbright.com
ATTORNEYS FOR DEFENDANT
HOME DEPOT USA, INC.

By: */s/ William L. LaFuze*
William L. LaFuze
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77702-6760
Telephone: (713) 758-4812
Fax: (713) 615-5319
E-mail: blafuze@velaw.com
ATTORNEYS FOR DEFENDANT
HARLEY-DAVIDSON, INC.

By: */s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
HEARTFIELD & MCGINNIS, L.L.P.
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@heartfieldmcginnis.com
AND
Mark P. Wine
Jennifer L. Yokoyama
MCDERMOTT, WILL & EMERY, LLP
2049 Century Park East, 34th Floor
Los Angeles, California 90067-3208
Telephone: (310) 277-4110
Fax: (310) 277-4730
E-mail: mwine@mwe.com
E.-mail: jyokoyama@mwe.com
ATTORNEYS FOR DEFENDANT
TOYOTA MOTOR SALES, USA, INC.

By: */s/ Erik Videlock*
Erik Videlock
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
Telephone: (215) 981-4027
Fax: (215) 981-4750
E-mail: videloce@pepperlaw.com
ATTORNEYS FOR DEFENDANT
PEP BOYS – MANNY, MOE & JACK, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class Mail, Postage Prepaid, on this the 8th day of June 2005.

*/s/ Travis M. Wohlers*
Travis M. Wohlers