IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORION IP, LLC | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | **CASE NO. 2:04-CV-297** |
| | § | |
| STAPLES, INC., ET AL. | § | |
| | § | |
| **Defendants** | § | |

## <u>ORDER</u>

For the reasons set forth below, the Court **DENIES** Defendants' collective Motion to Compel Answers to Interrogatory Nos. 6 and 7 (Docket No. 133), **GRANTS** Defendant Toyota Motor Sales, U.S.A., Inc.'s ("TMS" or "Toyota") Motion to Enforce Plaintiff Orion IP, LLC's ("Plaintiff" or "Orion") Compliance with Patent Rule 3-7 (Docket No. 144), and **DENIES** Plaintiffs' Cross Motion to Compel Toyota's Compliance with Disclosure and Discovery Requirements (Docket No. 152).

<u>*Motion to Compel Answers to Interrogatory Nos. 6 and 7*</u>

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendants collectively move the Court to compel Plaintiff to answer Interrogatory Nos. 6 and 7. These two interrogatories request information concerning Plaintiff's validity contentions. However, these two interrogatories require Plaintiff to individually analyze approximately fifty pieces of prior art and compile approximately fifty separate answers. While Defendants may seek, in separate interrogatories, specific responses regarding specific pieces of prior art, or may seek, in a single interrogatory, a general response regarding all identified prior art, Defendants may not seek, in a single interrogatory, specific responses for every piece of prior art. Such an interrogatory would burden the Plaintiff and

dramatically expand the number of interrogatories.

Plaintiff has already provided a general response to Defendants' invalidity contentions and presumably will provide specific responses to Defendants' invalidity contentions in their expert reports.  If this general response is inadequate, the Court expects Defendants to clarify the interrogatories at issue and for the parties to negotiate an acceptable response to the interrogatories, in light of the above guidelines. The Court therefore **DENIES** the Motion to Compel Answers to Interrogatory Nos. 6 and 7.


*Motion to Enforce Compliance with Patent Rule 3-7*

On January 28, 2005, Plaintiff served its Preliminary Infringement Contentions ("PICs") on Toyota, contending that "[t]he claimed methods are practiced in, for example, the Defendant's various websites (for example, www.toyota-parts.com, www.toyota.com, www.scion.com) retail kiosks and other systems that operate in the same or similar fashion."  To support its contentions, Plaintiff attached two series of computer screen-shots, mapping the accused infringing "model selector" features on www.toyota-parts.com and www.toyota.com.  Plaintiff  provided no other examples of accused infringing instrumentalities.  However, on information and belief, Plaintiff accused Toyota's "Dealer Daily" system of infringement.

In reliance on Plaintiff's PICs, Toyota provided on March 14 its Preliminary Invalidity contentions, exchanged on March 29 its list of claim terms to be construed, exchanged on April 21 its proposed construction of claim terms with extrinsic evidence in support thereof, and contributed to and filed on May 20 the Joint Claim Construction Statement.  On May 27, one week after the parties filed their Joint Claim Construction Statement, Plaintiff amended its PICs, charting alleged

2

infringing pathways on Scion kiosks and Lexus's website.  These amended PICs were served without seeking leave of the Court.  Toyota asserts that because they relied on Plaintiff's original PICs in preparing for the *Markman* hearing, scheduled for August, and in planning for trial, scheduled for April, they will be prejudiced if Plaintiff is allowed to now amend its PICs to add new theories of infringement. Plaintiff asserts that they amended their PICs to resolve a discovery dispute with Toyota.  According to Plaintiff, Toyota refused to disclose documents relating to the Scion and Lexus websites since Plaintiff failed to specifically accuse any methods on those websites of infringement.  To remedy this dispute, Plaintiff amended their infringement contentions to now include the Scion and Lexus websites.

Patent Rule 3-7 states that "[a]mendment or modification of the Preliminary or Final Infringement Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause."[1]   Plaintiff has not shown good cause for amending its PICs.  When information is publicly available, the Patent Rules require a plaintiff to set forth specific theories of infringement at the outset of the case. *See American Video Graphics, L.P. v. Electronic Arts, Inc*., 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)(Davis, J.). The amended PICs in the present case are based on information publicly available on the Lexus and Scion websites and kiosks that Plaintiff failed to take advantage of when making its initial disclosures.  Despite making broad infringement accusations against Toyota's entire family of websites, Plaintiff provided specific accusations of infringement for only the model selector features on www.toyota.com and www.toyota-parts.com. Toyota was left to guess what Plaintiff was targeting on the Scion and Lexus websites and understandably balked when Plaintiff sought discovery relating to those websites.  Although the

---

[1]The Patent Rules can be found on the Eastern District's website at www.txed.uscourts.gov.

Court adheres to a policy of broad discovery, the scope of discovery is defined by the initial disclosures made in a plaintiff's PICs. *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755-56 (E.D. Tex. 2004)(Davis, J.). That scope cannot be widened during the course of discovery by amending PICs to include theories that should have disclosed initially. Allowing such an amendment would be contrary to the purpose of the Patent Rules and prejudicial to defendants, who must rely on the specific positions articulated in PICs to build their case. Because Plaintiff has added theories that should have been disclosed initially, and because Toyota would be prejudiced by allowing Plaintiff to add new theories at such an advanced stage in the case, the Court **GRANTS** the motion and strikes Plaintiff's amended PICs with prejudice.

<u>*Cross Motion to Compel Toyota's Compliance with Disclosure and Discovery Requirements*</u>

In light of the Court striking Plaintiff's amended PICs and in light the parties' representations to the Court, the Court **DENIES** this cross motion as moot. Plaintiff's amended PICs relating to the Scion kiosks and website and to the Lexus website have been struck by the Court. Toyota has offered to provide broad discovery relating to www.toyota.com and has declared that it is not affiliated with www.toyota-parts.com. Toyota has provided Plaintiff with the opportunity to inspect the Dealer Daily system. The Court therefore concludes that any discovery disputes relating to these topics can be resolved by the parties and are therefore moot. With regards to Plaintiff's request for computer code, Plaintiff previously represented to the Court that computer code is not relevant to this case. Thus, sweeping code requests are unnecessary. However, if the parties now discover that some specific code is relevant, the Court expects that specific code to be produced.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**