IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORION IP, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:04-CV-297 |
| | § | |
| STAPLES, INC., ET AL. | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

This Order memorializes the Court's rulings from the bench during the October 25, 2005 motion hearing. As the parties have indicated that they reached a resolution on Orion's Motion to Compel (Docket No. 227), the Court **DENIES** that motion as moot. For the reasons expressed at the hearing and given below, the Court **GRANTS** Orion's Motion for Leave to Amend Its Preliminary Infringement Contentions (Docket No. 241).

## BACKGROUND

Orion seeks leave to amend its Preliminary Infringement Contentions (PICs) to include the Toyota Daily Dealer system. Orion included a mention of the system in its original PICs, but because the system is not public Orion was unable to allege any specific contentions as to infringement. The parties scheduled an opportunity for Orion to inspect the system in May, but Orion cancelled that inspection once it realized there had been a miscommunication as to what Orion was going to be allowed to inspect. From that time until August, the parties engaged in various meet and confer sessions about rescheduling the inspection. In August, the parties finally agreed to reschedule the inspection for September 14, 2005. That inspection took place, and within a week

1

Orion provided Toyota supplemental claim charts detailing its infringement contentions as to the Toyota Daily Dealer System.

**APPLICABLE LAW**

Patent Rule 3-7 allows a party to amend its PICs by order of the Court upon a showing of good cause. *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004). The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

**ANALYSIS**

<u>Orion's explanation for its failure to meet the deadline</u>

Orion included the Toyota Daily Dealer system in its original PICs, and thus Toyota was on notice that this is a system Orion may assert infringement claims against in this suit. Because this is a non-public system, Orion was incapable of asserting specific infringement contentions as to it in Orion's original PICs. Further, because this is a non-public system, Orion did not have access to the system until Toyota provided such access. Much of the delay in specifically accusing the Toyota Daily Dealer system resulted from the parties' disagreements in their meet and confer sessions. Within a week of inspecting the system, Orion served its supplemental claim charts. Accordingly, Orion has given a reasonable explanation for its delay.

2

Importance of the Toyota Daily Dealer system

It is obvious from the briefing that the system is important to both sides in the litigation. The system is a communications hub used by Toyota dealers to order Toyota certified parts. The system is a significant part Orion's infringement allegations against Toyota. While excluding the PICs might simplify the trial, it would greatly limit Orion's opportunity to present its full case.

Toyota's potential prejudice

Toyota claims that it will be prejudiced if Orion is allowed to add the system because the *Markman* hearing has already been held and expert reports will soon be due. Such prejudice is exactly why defendants need to make their private systems available to plaintiffs as early as possible in the litigation or seek a clear understanding that the generally accused non-public systems will not be accused. Although the parties contest whether this is the only system against which Orion will assert the U.S. Patent No. 5,367,627, the parties did argue the patent at the *Markman* hearing, and the disputed terms will be construed by the Court. While Toyota will suffer some prejudice from this amendment, that prejudice is not so great as to outweigh the other considerations.

Availability of a continuance

Neither the parties desire to continue the trial date, and in order to mitigate Toyota's prejudice the Court is willing to consider extending some intermediate deadlines. As Toyota had no suggestions at the hearing, the Court suggested the parties confer as to which deadlines may need to be extended and for how long. The Court has confidence that the parties can reach an agreement, but if they cannot the Court will entertain Toyota's requests for relief.

## CONCLUSION

Having considered the good cause factors, Orion has shown good cause to amend its PICs.

Accordingly, the Court **GRANTS** Orion's motion to amend. Because the parties have reached an agreement as to Orion's motion to compel, the Court **DENIES** that motion as moot.

**So ORDERED and SIGNED this 27th day of October, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**