IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORION IP, LLC; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:04-CV-297 LD |
| STAPLES, INC.; PEP BOYS – MANNY, | § | |
| MOE & JACK, INC.; FUJI PHOTO FILM, | § | |
| USA, INC.; HITACHI AMERICA, LTD.; | § | |
| HOME DEPOT USA, INC.; HARLEY- | § | |
| DAVIDSON, INC.; TOYOTA MOTOR | § | JURY DEMANDED |
| SALES, USA, INC.; and ALFORD BUICK | § | |
| PONTIAC GMC, INC. d/b/a ALFORD | § | |
| TOYOTA; | § | |
| | § | |
| Defendants. | § | |
| | § | |

**HOME DEPOT USA, INC.'S MOTION TO ENFORCE
ORION'S COMPLIANCE WITH PATENT RULE 3-7**

Home Depot USA, Inc. ("Home Depot") respectfully requests that the Court enforce Orion IP, LLC's ("Orion") compliance with P.R. 3-7 by striking the unauthorized, untimely, and prejudicial infringement contentions Orion is attempting to introduce into this case through the Expert Report of Dr. Bruce Porter.

**I.   BACKGROUND**

Pursuant to P.R. 3-1 and the Court's Docket Control Order, Orion served Home Depot with its Preliminary Infringement Contentions (PICs) (Exhibit A) on January 28, 2005. In those Contentions, Orion accused the Home Depot website (www.homedepot.com) of directly infringing

claims 1, 5-9, and 11 of U.S. Patent 5,362,627 ("the '627 patent") and claims 1, 3, 4, 11, 13, and 14 of U.S. Patent 5,615,342 ("the '342 patent"). On June 3, 2005, Orion served Home Depot with its First Supplemental Patent Rule 3-1 Disclosure (Exhibit B). In this Disclosure, Orion accused the Cad Quest software system ("Cad Quest") and the Millwork software system ("Millwork") of directly infringing claims 1, 3, 11, and 13 of the '342 patent.

Pursuant to the Court's Docket Control Order, Orion served Home Depot with the Expert Report of Dr. Bruce Porter (Exhibit C (expert report excluding exhibits, "Attorney Eyes Only" information, and information specific to systems of Harley Davidson and Toyota)) on November 23, 2005. In his report, Dr. Porter renders several opinions that constitute an improper amendment of Orion's PICs. First, Dr. Porter asserts that Cad Quest and Millwork infringe claims 1, 3, 4, 11, 13, and 14 of the '342 patent. Ex. C, pp. 1, 47, 51-53, and 58-59. Because claims 4 and 14 were never charted against Cad Quest or Millwork in Orion's original PICs or Supplemental PICs, these opinions in Dr. Porter's report amount to an amendment of Orion's PICs without the requisite leave of Court required by P.R. 3-7. Second, Dr. Porter asserts that Home Depot indirectly infringes claim 5 of the '627 patent via inducement. Ex. C, p. 107. Because Orion's PICs only discuss direct infringement and contain no discussion or analysis directed to indirect infringement under an inducement theory[1], this opinion amounts to an amendment of Orion's PICs without the requisite leave of Court required by P.R. 3-7.

---

[1] Orion's PICs state that "Home Depot practices the Accused Methods in, for example, the Home Depot website (www.homedepot.com)." Ex. A, p. 2. This can only be considered an allegation of direct infringement. Had Orion wished to accuse Home Depot of indirect infringement via inducement, it should have stated that parties other than Home Depot practice the Accused Methods and are in some way induced to infringe by Home Depot.

## II. ARGUMENT

### A. The Patent Rules and this Court's Precedent Required Orion To Seek Leave and Show Good Cause for Amending Its PICs

P.R. 3-1 requires, "not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Preliminary Infringement Contentions.'" The rule requires these Contentions to contain an identification of each accused process "by name or model number, if known" and "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."

P.R. 3-7 provides that: "Amendment or modification of the Preliminary . . . Infringement Contentions . . ., other than as expressly permitted in P. R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."[2] In this case, the due date for Orion's Original Disclosures was January 28, 2005. Any additions after that date may only be made with leave of court upon a showing of "good cause," which this Court has defined as requiring "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 850 (E.D. Tex. 2004) (Davis, J.) (citing Fed. R. Civ. P. 16(b) and *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

---

[2] P. R. 3-7 applies to amendments other than those expressly permitted in P.R. 3-6. However, neither of those two express exemptions applies to Orion's new infringement contentions identified in Dr. Porter's expert report.

Motion to Enforce Compliance
With Patent Rule 3-7            Page 3

B.  **Orion Cannot Show Good Cause For Its Extreme Delay in Making These New Infringement Allegations**

Just like the plaintiff in the *STMicroelectronics* case, Orion cannot show good cause for its very late addition of infringement allegations because: (1) Orion's newly disclosed allegations are based on information that was previously available; and (2) as the party bringing the suit, Orion had no excuse for not having complete claim charts prepared early in the pretrial process.

The plaintiff is "unquestionably the party in the best position to make the Initial Disclosures because it is the party that chose to bring suit. As the plaintiff, [it] controlled when [the] suit was brought and thus, to a certain extent, when the disclosure deadlines began." *STMicro*, 307 F. Supp. 2d at 850 n.6. With regard to its untimely inducement allegations against the Home Depot website, at the time Orion chose to file this suit, it had complete access to what it now accuses of inducement. Despite that fact, Orion brought this suit and failed to timely address inducement in its PICs. This Court has recognized that this type of delay "demonstrates either lack of diligence in preparing its case or an attempt at gamesmanship as [defendant] has alleged." *Id*. Thus, Orion cannot show good cause for its untimely assertion of indirect infringement via inducement.

With regard to its untimely assertion of claims 4 and 14 of the '342 patent against Cad Quest and Millwork, at the time Orion served its Supplemental PICs, it had complete access to Cad Quest and Millwork via an in-store inspection of those systems provided to Orion by Home Depot. Following inspection, Orion supplemented its PICs but failed to accuse Cad Quest and Millwork of infringing claims 4 and 14 in that supplementation. Orion cannot show good cause for its untimely assertion of claims 4 and 14 against Cad Quest and Millwork.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Home Depot respectfully requests that the Court enforce Orion's compliance with P.R. 3-7 by striking Orion's newly asserted infringement contentions, with prejudice, and barring Orion from basing damages claims on them.

<u>Home Depot respectfully requests that this Court set a hearing in late December to rule on this motion</u>. Home Depot must serve responsive expert reports on January 6, 2006.

                                                                           Respectfully submitted,

December 6, 2005                                            /s/ David Bahler
                                                                                         David D. Bahler
                                                                                         State Bar No. 01513100
                                                                                         FULBRIGHT & JAWORSKI L.L.P.
                                                                                         600 Congress Avenue, Suite 2400
                                                                                         Austin, Texas 78701
                                                                                         512 536 3005 (Direct Dial)
                                                                                         512 536 4598 (Facsimile)
                                                                                         dbahler@fulbright.com

                                                                                         ATTORNEY FOR HOME DEPOT USA, INC.

## CERTIFICATE OF CONFERENCE

      This is to certify that counsel has conferred with opposing counsel in a good faith attempt to resolve this matter without court intervention. After conferring, opposing counsel is opposed to the relief requested herein.

      /s/ David Bahler
      David Bahler

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class Mail, Postage Prepaid, on this the 6th day of December 2005.

                                        */s/ Stephen Zamen*
                                        Stephen Zamen