**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ORION IP, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO. 2:04-CV-297** |
| | § | |
| **STAPLES, INC., ET AL.** | § | |
| | § | |
| **Defendants** | § | |

**MEMORANDUM ORDER AND OPINION**

Before the Court is Defendant Toyota Motor Sales U.S.A., Inc's Motion to Enforce Orion's

Compliance with Patent Rule 3-7 (Docket No. 298).  Also before the Court is Home Depot USA,

Inc's Motion to Enforce Orion's Compliance with Patent Rule 3-7 (Docket No. 300).   Having

considered the parties' written submissions and oral arguments, and as announced at the hearing, the

Court **DENIES** both motions.

**TOYOTA'S MOTION**

**Background**

Orion made its Preliminary Infringement Contentions ("PICs") on January 28, 2005 accusing

Toyota's website of infringing U.S. Patent No. 5,615,342 (the "'342 patent").  Orion included screen

shots of how the website's "Model Selector" feature infringed the '342 patent.  Toyota complains

that Orion's expert report improperly amended Orion's PICs because the infringement accusations

included in the report were not limited to only the website's "Model Selector" feature and also

included infringement accusations against Buyatoyota.com.  Toyota argues Orion does not have good

cause for such an amendment because the new infringement contentions are based on public websites

1

that were available to Orion when its original PICs were due.

Earlier in this litigation, Orion attempted to amend its PICs without seeking leave of Court to include infringement accusations against the Scion and Lexus websites, which are part of the Toyota family.  The Court did not allow the amendment because Orion had failed to include the Scion and Lexus websites, which were publically available, in its PICs.  Because Orion failed to initially identify in its PICs which aspects of the Scion and Lexus websites infringed, Toyota could not know which aspects of the websites Orion was targeting.  Therefore the Court granted Toyota's motion to enforce Orion's compliance with Patent Rule 3-7.  Toyota argues this is a similar situation and warrants the same result.  The Court disagrees.

## Analysis

When information is publicly available, the Patent Rules require plaintiffs to set forth specific theories of infringement at the outset of the case.  *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.).  "The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."  *Id.*  Patent Rule 3-1 requires plaintiffs to state "specific theories of infringement" in its PICs.  *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (Davis, J.).  Compliance with Patent Rule 3-1 demands PICs that describe "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves."  *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (Davis, J.) (quoting *STMicroelectronics, Inc.*, 308 F. Supp. 2d at 755).  Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information,

and early in the case plaintiffs must explain their infringement theories in detail.  *See id.* at 528.

Toyota argues that Orion should only be able to assert infringement against the pathways in Toyota's website that Orion provided screen shots of in its initial PICs.  As the parties know, and as demonstrated in the Court's earlier order regarding the Scion and Lexus websites, the Court has high expectations for plaintiffs as they prepare their initial PICs.  But those expectations are not unrealistic.  For example, in software cases, the Court has recognized the pragmatic limitation on detailed PICs when plaintiffs do not have the necessary access to non-public software, which is needed to make detailed infringement contentions.  *See Am. Video Graphics*, 359 F. Supp. 2d at 560.

In this case, Orion has accused Toyota's website of infringement.  Toyota's website is not a static object that can only function in one manner, rather it is dynamic and interactive.  There are innumerable paths a user can take to get from one page to another.  In dealing with something like a website, it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement.  Instead, plaintiffs should provide specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice of infringement beyond that which is provided by the mere language of the patent claims themselves.  Orion did that in its PICs, which expressly accused the entire Toyota website.  This is clearly distinguishable from the earlier controversy about the Scion and Lexus websites, which were not even mentioned in Orion's PICs.

Toyota argues that Orion's PICs did not adequately provide notice to Toyota as to what would be accused.  Toyota claims it was left to guess what would be accused until it received Orion's expert report. Throughout this litigation, Orion has  repeatedly requested discovery related to the entire Toyota website, and Toyota's own argument demonstrates it realized Orion's

accusations extended beyond only the "Model Selector" pathways.  Yet, Toyota apparently did not seek to clarify the breadth of Orion's PICs.  If Toyota was unable to reach an understanding with Orion, Toyota could have filed a motion with the Court seeking clarification of Orion's PICs. Instead, Toyota opted to wait to clarify the issue until such a time that it could claim prejudice if the PICs were not read as narrowly as it wanted.  While the Patent Rules  place on heavy burden on plaintiffs to communicate their case to defendants so that both parties may adequately prepare for claim construction and trial,  defendants also have a responsibility to make sure they fully understand the nature of plaintiffs' allegations.  A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions.  Orion's PICs were sufficient to put Toyota on notice that Orion intended to accuse more than just the website's "Model Selector" feature.  Toyota knew, or should have known, this and could have easily sought clarification either informally or by motion.  It did neither, and now seeks to use its alleged lack of clarification to its advantage at this stage of the proceeding.  To the extent Toyota was confused as to the extent of the website PIC's, most of the responsibility is Toyota's.  Toyota admits it had discovery disputes with Orion resulting from the parties' different understandings of the scope of Orion's PICs, yet Toyota did not seek clarification of Orion's PICs.  The Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword.

Toyota also argues that it did not know the Buyatoya.com site would be accused because that site uses a different URL than the Toyota.com site.  This argument also lacks merit.  Orion only accuses the Buyatoyota.com site to the extent it is integrated with the Toyota.com site, and Toyota

knew Orion accused Toyota's website's financing section, which also utilized a different URL than

Toyota.com.

**Conclusion**

For the reasons stated, the Court denies Toyota's motion.  Orion has stipulated that it will not

assert the '627 patent against www.toyota.com, and therefore this aspect of Toyota's motion is moot.

**HOME DEPOT'S MOTION**

**Background**

Home Depot also claims that Orion's expert report impermissibly expanded Orion's PICs.

Home Depot claims that Orion's expert report includes allegations of induced infringement that were

not described in Orion's PICs.   Orion did include accusations of induced infringement in its

complaint, but acknowledges that alone does not satisfy the Patent Rules' notice requirement.

**Analysis**

Claim 5 of the '342 patent requires "generating, for inclusion in the proposal, one or more

individualized pages . . . ."  Orion's PICs expressly accuse Home Depot of "literally infring[ing] the

claimed inventions identified in this document, and that infringement is direct and/or by way of

inducing infringement of such claims."  Orion's expert report contends claim 5 requires a printed

page of the proposal, the Home Depot website offers the ability to generate printed versions of the

proposals, and therefore Home Depot infringes directly and by inducement.  Orion's expert report

is not so different from its PIC's that Home Depot lacked adequate notice of Orion contention that

Home Depot infringes by inducement.

**Conclusion**

The Court  denies  as  moot  Home  Depot's  motion  to  the  extent  it  seeks  relief  from

infringement accusations of claims 4 and 14 of the '342 patent against Home Depot's CAD Quest and Millworks Automation systems.  For the reasons given above, the Court denies the remainder of Home Depot's motion.

## CONCLUSION

For the reasons given, the Court **DENIES** Toyota and Home Depot's motions to compel compliance with Patent Rule 3-7.

**So ORDERED and SIGNED this 9th day of January, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**